**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| VINCEL KING CHAMBERS, )<br><br>Plaintiff, )<br>v. )<br><br>UNKNOWN GILL, et al., )<br><br>Defendants. ) | No. 4:25-cv-01797-SEP |

## MEMORANDUM AND ORDER

Before the Court are self-represented Plaintiff Vincel King Chambers's applications to proceed in district court without prepaying fees and costs, Docs. [3], [8], and motions to appoint counsel, Docs. [2], [7], [9].  For the reasons set forth below, the Court grants the applications, assesses an initial partial filing fee of $1.00, and denies the motions to appoint counsel without prejudice.  Further, on initial review under 28 U.S.C. § 1915(e)(2), the Court issues process on Plaintiff's claims against Defendant Unknown Gill brought in her individual capacity and dismisses without prejudice the claims against Defendant Unknown Gill in her official capacity and all claims against Defendants Gregory Simms, Nachante Ursery, and the City of St. Louis.

### 28 U.S.C. § 1915(b)(1)

A prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  28 U.S.C. § 1915(b)(1).  District courts "shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee" of 20% of the greater of the average monthly deposits to the prisoner's account and the average monthly balance in the prisoner's account for the prior six-month period.  *Id.*  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to his account.  28 U.S.C. § 1915(b)(2).  The agency with custody of the prisoner forwards the monthly payments to the Clerk of Court whenever the amount in the account exceeds $10, until the filing fee is fully paid.  *Id.*

Because Plaintiff has not submitted a prison account statement, the Court will require him to pay an initial partial filing fee of $1.00.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).  If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.  To state a claim under 42 U.S.C. §1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT[1]

Plaintiff brings this § 1983 action alleging correctional officers at the St. Louis City Justice Center failed to protect him from an inmate attack.  He names as Defendants Unknown

---

[1] For purposes of this Order, the Court takes the factual allegations in the Amended Complaint, to be true.  *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

- 2 -

Gill (Correctional Officer (CO)); Gregory Simms (CO); Nachante Ursery (Lieutenant); and the City of St. Louis.  He sues all Defendants in both their individual and official capacities.

Plaintiff alleges that on November 13, 2025, he was sitting on his bunk when two fellow inmates, Edward and Blake, told Defendant Gill that she needed to move Plaintiff from their cell "because they didn't want to be in the cell with a chomo (slang for child molester) and they would beat my ass if she didn't move me." Doc. [1] at 4.  Because the threats caused Plaintiff to fear an attack, Plaintiff also asked Gill to move him.  Inmate Blake suggested moving Plaintiff to cell four, which apparently housed other inmates facing similar charges.  *Id.*

Officer Gill responded, "[W]ait until the next shift to come in and tell them because I'm not moving you." *Id.*  Plaintiff pleaded with her to move him, but Gill "walked off laughing." *Id.*  Plaintiff pressed the emergency call button in the cell, but nobody answered. *Id.*  He states that he feared for his life. *Id.*  "[Edward and Blake] kept telling me I had to get out [of] this cell tonight." *Id.*  Plaintiff eventually fell asleep but "woke up being held down mercilessly beaten and savagely raped." *Id.* at 6.  He heard inmate Blake's voice during the attack. *Id.*  He fell unconscious, regaining consciousness in the emergency room. *Id.*

Plaintiff sustained the following injuries in the attack:  a fractured right eye, facial laceration requiring stitches, anal pain and bleeding, severe neck pain, facial pain and swelling, bruises, visual changes, head swelling, and psychological damage. *Id.*  For relief, he seeks $350,000 in damages.

**DISCUSSION**

Liberally construed, the Complaint asserts claims under the Eighth and Fourteenth Amendments for failure to protect and failure to train and supervise.

## I.      Failure to Protect—Defendant Gill

Under the Due Process Clause of the Fourteenth Amendment, custodians of a pretrial detainee have a duty to take reasonable steps to protect the detainee from assault by other detainees. *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010).  To state a claim for unconstitutional failure to protect, Plaintiff must allege, "(1) an 'objectively, sufficiently serious' deprivation, meaning that he was incarcerated under conditions posing a substantial risk of serious harm, and (2) that the defendant was deliberately indifferent to the substantial risk of serious harm." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 834 (1994)) (internal citation omitted).

At this stage, Plaintiff's allegations state a plausible claim that Gill's deliberate inaction violated his constitutional rights to be protected from an inmate attack.  Assuming the truth of

- 3 -

the allegations, Defendant Gill refused to transfer Plaintiff to another cell despite knowing he was at substantial risk of serious harm and feared for his life, and then Plaintiff was brutally attacked.  Service will be issued on Defendant Gill in her individual capacity.[2]

## II.      Failure to Follow Inmate Count Policy—Defendants Gill and Simms

Plaintiff alleges Defendants Gill and Simms did not follow the jail's inmate count policy, which requires inmates to stand for count and show signs of life.  Doc. [1] at 6.  Had Gill and Simms required all inmates to stand and show signs of life at the 11:00 p.m. count, he claims, he would have been discovered unconscious earlier.

An internal jail policy or procedure does not create a constitutional right, and a jail official's failure to follow such a policy or procedure does not give rise to a § 1983 claim. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy not a basis for § 1983 liability).  So the mere fact that the COs did not follow the jail's inmate count policy does not establish a constitutional violation.

Plaintiff seems to allege that the COs' failure to follow the count policy caused officials to overlook the fact that he had been beaten and was unconscious.  But he does not allege the officials were deliberately indifferent to his health or safety by not following procedures at the 11 p.m. count.  Deliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate medical care and reasonable safety.  *See Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006).  Nor does Plaintiff allege what time he was actually found, which renders any conclusions drawn from his not being found at 11 p.m. purely speculative.  Liberally construed, the Complaint does not allege that officials were deliberately indifferent to Plaintiff's health and safety by failing to do a proper inmate count at 11 p.m.  Nor has Plaintiff alleged he suffered any damages from not being found sooner.  His allegations against Defendants Gill and Simms arising out of the alleged faulty inmate count thus fail to state a claim upon which relief may be granted.

---

[2] Plaintiff's official capacity claims against Defendant Gill are actually claims against her employer, the City of St. Louis.  *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017).  To prevail on an official capacity claim, Plaintiff must establish the City of St. Louis's liability for the alleged conduct.  *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).  Because Plaintiff has not done so, *see infra* Part IV, his claims against Defendant Gill in her official capacity are dismissed.

### III.    Failure to Investigate—Defendants Gill, Simms, and Ursery

Plaintiff alleges Defendants Gill, Simms, and Ursery "[s]hould have investigated inmate[ ] Edwards saying other inmates were smoking per policy.  If [Ursery] did I would have been discovered unconscious in cell 5." Doc. 1 at 6, 8.[3]  Plaintiff again fails to claim that his constitutional rights were violated by officers' failure to discover him sooner.  He does not allege Defendants acted with deliberate indifference toward him when they failed to investigate another inmate's allegation that fellow inmates were smoking.  He does not allege the amount of delay or any injury arising from the delay.  He offers no explanation as to why any delay in finding him violated his constitutional rights.  Moreover, while the allegation suggests Defendants may have been indifferent toward Edwards's complaint regarding smoking, it does not establish deliberate indifference toward Plaintiff.  Liberally construed, the Complaint does not state a plausible claim for violation of Plaintiff's constitutional rights based on Defendants' failure to investigate another inmate's complaints of smoking.

### IV.    Failure to Train or Supervise--Defendant City of St. Louis

Plaintiff alleges the City of St. Louis failed to properly train and supervise its COs, resulting in their alleged violations of his constitutional rights.  A local governing body such as the City of St. Louis can be sued directly under 42 U.S.C. § 1983.  *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978).  To prevail on such a claim, a plaintiff must establish the governmental entity's liability for the alleged conduct.  *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016).  Such liability may attach if a constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

Plaintiff has not alleged his constitutional violations were caused by an official policy or unofficial custom of the City of St. Louis.  In fact, based on his allegations, the City of St. Louis had a policy of housing violent inmates separate from vulnerable inmates, which Defendant Gill violated.  Although Plaintiff alleges the City of St. Louis is liable for a failure to train and supervise its employees, that allegation is entirely conclusory.  He points to no inadequacy in the City's training practices, other than the fact that one of their COs violated a policy.  Also, he does not allege that the City had any knowledge that its training or supervision was inadequate.

---

[3] Plaintiff first makes the allegations against Defendants Gill, Simms, and Ursery, Doc. [1] at 6, and later against only Defendant Ursery, *id.* at 8.  The Court construes them as against Gill, Simms, and Ursery.

*Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1216-17 (8th Cir. 2013).  "Absent some form of notice, the city cannot be deliberately indifferent to the risk that its training or supervision of [Defendant] would result in 'a violation of a particular constitutional or statutory right.'"  *Id.* (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 411 (1997)).  Because Plaintiff has not alleged any specific inadequacy in the City's training of its COs that the City knew or had reason to know was inadequate, he has not alleged a plausible § 1983 claim against the City of St. Louis for failure to train.  *Id.*

### MOTION TO APPOINT COUNSEL

Finally, Plaintiff has filed three motions to appoint counsel.  Docs. [2], [7], [9].  In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers such factors as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Based on those factors, the Court finds that appointment of counsel is not warranted at this time.  Plaintiff has so far succeeded in adequately presenting his claims to the Court, and neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel, as appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's applications to proceed in district court without prepaying fees and costs, Docs. [3], [8], are **GRANTED**.

**IT IS FURTHER ORDERED** that, within 30 days of the date of this order, Plaintiff must pay an initial filing fee of $1.00.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:  (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Unknown Gill brought in her official capacity and Plaintiff's claims against Defendants Gregory Simms, Nachante Ursery, and the City of St. Louis are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process on the Complaint pursuant to the service agreement the Court maintains with the St. Louis City Counselor's Office as to Defendant Unknown Gill in her individual capacity.

**IT IS FINALLY ORDERED** that Plaintiff's motions to appoint counsel, Docs. [2], [7], [9] are **DENIED without prejudice**.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 10th day of August, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE